# EXHIBIT D

# AFFIDAVIT OF IRVING PICARD

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Keith R. Murphy
Marc Skapof
Elizabeth A. Scully

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

Hearing Date: October 4, 2011 at 10:00 a.m.
Objection Deadline: September 27, 2011

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br> v. <br><br> MOUNT CAPITAL FUND LTD., MOUNT CAPITAL ASSET SUBSIDIARY LTD., MOUNT CAPITAL LIMITED, and DEXIA BANQUE INTERNATIONALE À LUXEMBOURG, S.A. <br><br> Defendants. | Adv. Pro. No. 10-05123 (BRL) |

# AFFIDAVIT OF IRVING H. PICARD, TRUSTEE, IN SUPPORT OF MOTION FOR ENTRY OF ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING AN AGREEMENT BY AND AMONG THE TRUSTEE, MOUNT CAPITAL FUND LTD., AND MOUNT CAPITAL ASSET SUBSIDIARY LTD.

STATE OF NEW YORK )
                         ) ss:
COUNTY OF NEW YORK)

Irving H. Picard, being duly sworn, hereby attests as follows:

1. I am the trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff ("Madoff," and together with BLMIS, collectively, the "Debtors"). I am familiar with the affairs of the Debtors. I respectfully submit this Affidavit in support of the motion (the "Motion") seeking entry of an order, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, approving a settlement agreement (the "Agreement") by and among the Trustee on the one hand, and Mount Capital Fund, Ltd. ("Mount Capital Fund"), and Mount Capital Asset Subsidiary Limited ("Mount Capital Subsidiary," collectively with Mount Capital Fund, the "Mount Capital Companies"), on the other hand.

2. I make this Affidavit based upon my own personal knowledge or upon information that I believe to be true.

3. All capitalized terms not defined herein have the meaning ascribed to them in the Motion.

4. I believe that the terms of the Agreement fall well above the lowest point in the range of reasonableness and, accordingly, the Agreement should be approved by this Court. The

2

Agreement resolves all issues regarding the asserted and unasserted claims against the Mount Capital Companies (the "Avoiding Power Claims") without the need for protracted, costly, and uncertain litigation. I recognize that litigating the Avoiding Power Claims would undoubtedly be extremely complex, create significant delay, and would involve both litigation risk and difficulties associated with collection.

5. I believe that this settlement, including the $43.5 million cash payment, is a global settlement that resolves all issues regarding the Trustee's claims against the Mount Capital Companies without the need for protracted, costly, and uncertain litigation. As part of this settlement, the Trustee on the one hand, and the Mount Capital Companies, on the other hand, have reached a good faith, complete, and total compromise as to any and all claims the Trustee has asserted against the Mount Capital Companies, including, but not limited to, claims the Trustee has for avoidable direct transfers by BLMIS during the 90 day, two year, and six year periods prior to the Filing Date, fees and interest payments, and other claims the Trustee had against the Mount Capital Companies.

6. The Agreement also greatly furthers the interests of the customers of BLMIS by adding $43.5 million in cash to the Fund of Customer Property.

7. Given the potential impact of these issues, and the complexities involved in proceeding with litigation, I have determined, in my business judgment, that the Agreement represents a fair compromise of the Avoiding Power Claims.

8. In sum, I respectfully submit that the Agreement should be approved (a) to avoid lengthy and burdensome litigation, and (b) because the Agreement represents a reasonable compromise of the Avoiding Power Claims.

_____
IRVING H. PICARD

Sworn to before me this 31st
day of August, 2011

_____
Notary Public

LILLIAN A. MARTINEZ
Notary Public, State of New York
No. 01MA6092520
Qualified in Westchester County
Certificate Filed in Kings, Queens,
Bronx, New York Counties
Commission Expires May 19, 2015

4